IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

U.S. BANK NATIONAL ASSOCIATION,

        Plaintiff,

v.

ROTONDA LLOPIS,

        Defendant.
_____/

No. 2:12-cv-00050 MCE KJN PS

ORDER & ORDER TO SHOW CAUSE

Presently before the court is defendant's application to proceed in forma pauperis, which accompanied defendant's notice of removal of this unlawful detainer action from the Superior Court of the State of California for the County of Solano ("Superior Court") (Dkt. Nos. 1-2).[1] For the reasons stated below, the undersigned grants defendant's application to proceed in forma pauperis, but orders defendant to show cause why this case should not be remanded on the grounds that defendant failed to comply with the removal requirements stated in 28 U.S.C. § 1446(a). Specifically, defendant failed to file, among other things, the underlying unlawful detainer complaint and, as a result, the court cannot assess whether this federal court has subject matter jurisdiction over plaintiff's claim or claims.

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  Defendant has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.
2  § 1915. Defendant's application and declaration make the showing required by 28 U.S.C.
3  §§ 1915(a)(1) and 1915(2). Accordingly, the undersigned grants defendant's request to proceed
4  in forma pauperis.

5  This court has an independent duty to ascertain its subject matter jurisdiction and
6  may remand an action to state court *sua sponte* for lack of subject matter jurisdiction.[2] See 28
7  U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks
8  subject matter jurisdiction, the case shall be remanded."). "The defendant bears the burden of
9  establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582
10 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed against removal
11 jurisdiction," id., and removal jurisdiction "'must be rejected if there is any doubt as to the right
12 of removal in the first instance,'" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d
13 1102, 1107 (9th Cir. 2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per
14 curiam)).

15 Here, defendant premises removal jurisdiction on a federal question. Specifically,
16 defendant alleges that his due process or equal protection rights, or both, were violated by the
17 manner in which the rules of civil procedure and evidence were applied in the Superior Court.
18 (See Notice of Removal at 2-3.)

19 District courts have federal question jurisdiction over "all civil actions that arise
20 under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises

---

[2] A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter. Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003); accord Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998).

under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091; Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint."). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*. Jurisdiction is based on the complaint as originally filed . . . ." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted).

Based on defendant's representations in the notice of removal, the existence of federal question jurisdiction on the face of the underlying complaint is questionable.[3] It appears that defendant has raised a federal question as a defense or separate civil rights claim, which would materially undermine the removal of the unlawful detainer action to this court.[4] However,

---

[3] The undersigned notes that a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law. See, e.g., U.S. Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (unpublished) (concluding that a single claim for unlawful detainer under state law does not provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished) (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

[4] Defendant might already be familiar with motions to remand and the proper assessment of the existence of a federal question. Defendant's application to proceed in forma pauperis lists "Jerrold Llopis" as defendant's spouse. An individual named "Jerrold Jon Llopis" improperly removed an unlawful detainer action to the United States District Court for the Northern District of California premised on purported federal question jurisdiction, and that case was recently remanded

3

the undersigned reserves judgment on the question of federal question jurisdiction because defendant failed to file the unlawful detainer complaint with the notice of removal. Without plaintiff's complaint, the undersigned cannot adequately assess whether this court can exercise subject matter jurisdiction over plaintiff's claim or claims.

Additionally, defendant's failure to file the complaint, and other documents served on defendant in the Superior Court, violates 28 U.S.C. § 1446(a). Pursuant to 28 U.S.C. § 1446(a), "[a] defendant . . . desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action*" (emphasis added). Defendant represents that she was served with plaintiff's complaint in "mid-2011." (Notice of Removal at 2.) However, defendant failed to file the complaint with the notice of removal. Accordingly, defendant has violated 28 U.S.C. § 1446(a) and, moreover, has not met her burden to establish proper removal jurisdiction.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's application to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Defendant shall show cause in writing no later than February 6, 2012, why this action should not be remanded to the Superior Court as a result of defendant's failure to comply with 28 U.S.C. § 1446(a).

////
////
////
////

---

to state court. See Deutsche Bank Nat'l Trust Co. v. Llopis, No. C 11–03037 WHA, 2011 WL 3502486 (N.D. Cal. Aug. 10, 2011) (unpublished).

3. *In addition* to showing cause as provided above, defendant shall file with this court, on or before February 6, 2012, "a copy of all process, pleadings, and orders served upon such defendant" in the Superior Court action.  See 28 U.S.C. § 1446(a).

IT IS SO ORDERED.

DATED: January 25, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

5