1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   U.S. BANK NATIONAL
     ASSOCIATION AS TRUSTEE FOR
11   CITIGROUP MORTGAGE LOAN
     TRUST, INC. 2006-NC1, ASSET-
12   BACKED PASS-THROUGH
     CERTIFICATES SERIES 2006-NC1,
13
            Plaintiff,                      No. 2:12-cv-00050 MCE KJN PS
14
     v.
15
     ROTONDA R. LLOPIS; GERALD
16   LLOPIS; and DOES 1 to 10, inclusive,

17          Defendants.                     ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
18   _____/

19          Defendant Rotonda Llopis, who is proceeding without counsel and in forma

20   pauperis, removed this unlawful detainer action to federal court.[1]  Defendant Gerald Llopis did

21   not join in the removal and has not appeared in the action.  On January 26, 2012, the court

22   granted Ms. Llopis's application to proceed in forma pauperis, but ordered Ms. Llopis to show

23   cause why this case should not be remanded to the Superior Court of the State of California for

24   the County of Solano ("Superior Court") on the grounds that Ms. Llopis failed to file plaintiff's

25   _____

26          [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1    complaint and other documents in this court, in violation of the removal requirements of 28

2    U.S.C. § 1446(a).  (See Order & Order to Show Cause ("OSC"), Jan. 26, 2012, Dkt. No. 4.)  The

3    court also expressed concern about its ability to exercise subject matter jurisdiction over

4    plaintiff's unlawful detainer claim, but that the court could not adequately assess its subject

5    matter jurisdiction without the complaint.

6              On February 6, 2012, Ms. Llopis timely filed a response to the OSC, which

7    attached plaintiff's complaint as an exhibit.  (Response to OSC, Ex. C, Dkt. No. 5).  The

8    response opposed the remand of this case, whether such remand was premised on Ms. Llopis's

9    initial failure to comply with 28 U.S.C. § 1446(a) or the court's apparent lack of subject matter

10   jurisdiction.

11             The court discharges the OSC based on Ms. Llopis's substantial compliance with

12   the court's order.  However, by these findings and recommendations, the undersigned

13   recommends that this case be remanded to the Superior Court for lack of subject matter

14   jurisdiction over plaintiff's unlawful detainer claim.[2]

15   I.    BACKGROUND

16             On June 3, 2011, plaintiff filed a complaint in the Superior Court entitled

17   "Complaint For Unlawful Detainer (Demand Under $10,000)" ("Complaint"), seeking to recover

18   possession of the subject property located in Vacaville, California.  (See generally Compl.,

19   attached as Ex. C. to Response to OSC.)  Although the notice of removal only lists Rotonda

20

21        [2]   A federal court has an independent duty to assess whether federal subject matter
     jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins. Co. v.
22   Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty
     to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised
23   the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996).  Because
     subject matter jurisdiction may not be waived by the parties, a district court must remand a case if
24   it lacks jurisdiction over the matter.  Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead
     Ins. Co.,346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec.
25   Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c) ("If at any time
     before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall
26   be remanded.").

1  Llopis as a named defendant, the Complaint names Rotonda R. Llopis and Gerald Llopis as

2  defendants.  (Compl. at 1.)  Gerald Llopis is named as a "non-tenant occupant of the former

3  vested owner."[3]  (Id. ¶ 2.)

4         The Complaint alleges that plaintiff purchased the subject property at a non-

5  judicial foreclosure sale and is the current owner of the property, that title under the sale was duly

6  perfected, and that plaintiff is entitled to possession of the property.  (See id. ¶¶ 1, 8.)  It further

7  alleges that on February 17, 2011, plaintiff provided the named defendants, who had allegedly

8  continued to live at the property at the time the Complaint was filed, with notice to vacate the

9  premises and deliver possession of the property within three days.  (Id. ¶ 5.)  Plaintiff alleges that

10  the named defendants failed to vacate and deliver possession.  (Id. ¶ 6.)  Through this action,

11  plaintiff seeks: (1) restitution and possession of the subject property, (2) damages at a rate of

12  $50.00 per day from the date of service of the notice to quit though the date of judgment; and

13  (3) costs.  (Compl. at 3.)

14         On January 9, 2012, Ms. Llopis removed the unlawful detainer action to this court

15  pursuant to 28 U.S.C. §§ 1441(a) and 1446, asserting that this court has subject matter

16  jurisdiction over plaintiff's claim pursuant to 28 U.S.C § 1331.  (Notice of Removal at 2-3.)

17  Specifically, Ms. Llopis alleges that her due process or equal protection rights, or both, were

18  violated by the manner in which the rules of civil procedure and evidence were applied in the

19  Superior Court.  (See id.)

20         In her response to the OSC, Ms. Llopis appears to abandon her allegation that this

21  court can exercise subject matter jurisdiction over plaintiff's unlawful detainer claim on the basis

22

23         [3] As the court noted in a prior order, Ms. Llopis's application to proceed in forma pauperis
lists "Jerrold Llopis" as Ms. Llopis's spouse.  (See Order & OSC at 3 n.4.)  An individual named

24  "Jerrold Jon Llopis" improperly removed an unlawful detainer action to the United States District
Court for the Northern District of California premised on purported federal question jurisdiction, and

25  that case was recently remanded to state court.  See Deutsche Bank Nat'l Trust Co. v. Llopis, No.
C 11-03037 WHA, 2011 WL 3502486 (N.D. Cal. Aug. 10, 2011) (unpublished).  The case in the

26  Northern District of California does not appear to concern the property at issue here, and it is not
certain that the defendant in that case is a defendant in this action.

of federal question jurisdiction.  Instead, Ms. Llopis now appears to rely only on diversity of

citizenship, see 28 U.S.C. § 1332(a), as the basis for this court's subject matter jurisdiction.

(Response to OSC at 3.)  The undersigned assesses both purported bases for subject matter

jurisdiction below.

II.     LEGAL STANDARDS

        In relevant part, the federal removal statute provides:

        (a) Except as otherwise expressly provided by Act of Congress, any civil
        action brought in a State court of which the district courts of the United
        States have original jurisdiction, may be removed by the defendant or the
        defendants, to the district court of the United States for the district and
        division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."

Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert.

denied, 131 S. Ct. 65 (2010).  "The removal statute is strictly construed against removal

jurisdiction," id., and removal jurisdiction "'must be rejected if there is any doubt as to the right

of removal in the first instance'" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d

1102, 1106 (9th Cir. 2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per

curiam)).

III.    DISCUSSION

        As noted above, Ms. Llopis removed this action to federal court on the basis of

this court's purported federal question jurisdiction, and later asserted that the diversity of the

parties' citizenship provides this court with subject matter jurisdiction.  For the reasons that

follow, the undersigned concludes that this court lacks subject matter jurisdiction over plaintiff's

claim.

        Before addressing the question of subject matter jurisdiction, the undersigned

notes that Ms. Llopis's removal of the unlawful detainer case to this court is facially defective

because Gerald Llopis (a.k.a Jerrold Llopis) did not join in the removal, and there is no evidence

in the record that suggests Mr. Llopis consented to the removal.  A general rule referred to as the

4

"rule of unanimity" provides that "all defendants must consent to or join in a removal" of a case to federal court. Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 933 (9th Cir. 2010) (citing Chicago Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900)); accord Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009); see also 28 U.S.C. §1446(b)(2)(A).  Nevertheless, because certain exceptions to the rule of unanimity exist,[4] the undersigned does not recommend the remand of this case on the basis of the rule of unanimity, and proceeds to evaluate the court's subject matter jurisdiction.

A.     Removal Premised on Federal Question Jurisdiction

Ms. Llopis's Notice of Removal asserts that removal was proper because this court can exercise federal question jurisdiction over plaintiff's unlawful detainer claim.  (See Notice of Removal at 2-4.)  District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)).  "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Placer Dome, Inc., 582 F.3d at 1091; see also Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint.").  "In determining the existence of removal jurisdiction, based upon a federal

---

[4]  For example, the removing defendant need not obtain the consent of the remaining defendants who have not been served with process in the case.  Salveson v. W. States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves."), superseded by statute on unrelated grounds, as noted in Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 n.3 (9th Cir. 1988); accord Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

1   question, the court must look to the complaint *as of the time the removal petition was filed*.

2   Jurisdiction is based on the complaint as originally filed . . . ." <u>Abada v. Charles Schwab & Co.</u>,

3   300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted).

4         Here, plaintiff filed its Complaint in the Superior Court asserting a single claim

5   for unlawful detainer premised solely on California law.  Because a claim for unlawful detainer

6   does not by itself present a federal question or necessarily turn on the construction of federal law,

7   no basis for federal question jurisdiction appears on the face of the Complaint.  <u>See</u>, <u>e.g.</u>, <u>U.S.</u>

8   <u>Bank Nat'l Ass'n v. Tyler</u>, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12,

9   2010) (unpublished) (concluding that a single claim for unlawful detainer under state law does

10  not provide a basis for federal question jurisdiction); <u>OneWest Bank FSB v. Ignacio</u>, No. CIV

11  S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished)

12  (same); <u>IndyMac Federal Bank, F.S.B. v. Ocampo</u>, No. EDCV 09-2337 PA (DTBx), 2010 WL

13  234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); <u>HSBC Bank, N.A. v. Bryant</u>, No. 09-

14  CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

15        Although Ms. Llopis appears to have abandoned her arguments in support of the

16  exercise of federal question jurisdiction, the undersigned briefly addresses Ms. Llopis's assertion

17  in the Notice of Removal that this court can exercise subject matter jurisdiction pursuant to 28

18  U.S.C. § 1331.  As noted above, Ms. Llopis's notice of removal asserted that removal was proper

19  because her due process rights, equal protection rights, or both, were violated by the manner in

20  which the rules of civil procedure and evidence were applied in the Superior Court.  (<u>See</u> Notice

21  of Removal at 2-3.)  Ms. Llopis's assertions of such constitutional violations are simply attempts

22  to assert defenses or counterclaims that do not appear in plaintiff's Complaint, and such

23  anticipated defenses or counterclaims cannot establish federal question jurisdiction.  <u>See</u> <u>Vaden</u>

24  <u>v. Discover Bank</u>, 556 U.S. 49, 60 (2009) (stating that federal question jurisdiction cannot "rest

25  upon an actual or anticipated counterclaim"); <u>accord</u> <u>Takeda v. Nw. Nat'l Life Ins Co.</u>, 765 F.2d

26  815, 822 (9th Cir. 1985); <u>see also</u> <u>Valles v. Ivy Hill Corp.</u>, 410 F.3d 1071, 1075 (9th Cir. 2005)

1  ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even

2  if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").

3          In short, no federal question is present on the face of plaintiff's Complaint.

4  Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over

5  plaintiff's single claim for unlawful detainer brought pursuant to California law.

6          B.      Removal Premised on Diversity Jurisdiction

7          Ms. Llopis's Notice of Removal does not expressly or clearly allege that this case

8  was removed on the basis of the court's diversity jurisdiction.  However, in her response to the

9  order to show cause, Ms. Llopis relies on diversity of citizenship as the basis for this court's

10  subject matter jurisdiction.

11          District courts have diversity jurisdiction over "all civil actions where the matter

12  in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the

13  action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects

14  of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign

15  state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of

16  different States."  28 U.S.C. § 1332; see also Geographic Expeditions, Inc., 599 F.3d at 1106.

17          Generally, in an action where subject matter jurisdiction is premised on the

18  diversity statute, there must be complete diversity of the parties, which means that all of the

19  plaintiffs have a different state of citizenship than all of the defendants.  See, e.g., Cook v. AVI

20  Casino Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008).  Here, Ms. Llopis has not allege any facts

21  establishing the citizenship of any of the parties to the action.  Accordingly, she failed to meet

22  her burden to show that removal premised on the diversity statute was proper.

23          Even assuming that the parties are completely diverse, this court lacks diversity

24  jurisdiction over this matter because Ms. Llopis failed to demonstrate that the amount in

25  controversy exceeds $75,000.  When a state court complaint affirmatively alleges that the amount

26  in controversy is less than the jurisdictional threshold, the party seeking removal must prove with

"legal certainty" that the jurisdictional amount is met.  See Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007).

Here, the face of the Complaint unequivocally states that the amount of damages demanded is less than $10,000, which is well below the jurisdictional minimum.  Ms. Llopis has not presented any facts suggesting, let alone proving to a legal certainty, that the amount in controversy exceeds $75,000.  Instead, Ms. Llopis suggests that the value of the residence at issue provides the amount in controversy because plaintiff seeks injunctive or equitable relief, stating: "Further, consistent with this case, when relief sought is injunctive or equitable, the amount in controversy is equal to the value of the interest that the litigation is intended to protect."  (Response to OSC at 4 (citing Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)).)  However, district courts have consistently rejected such attempts to calculate the amount in controversy in removed unlawful detainer actions by looking to the value of the property.  See, e.g., Wells Fargo, N.A. v. Latino, No. 2:11-cv-02171-MCE-DAD, 2011 WL 4591229, at *1 (E.D. Cal. Sept. 30, 2011) (unpublished) (stating that "because unlawful detainer actions contest the right to possession of the property, not title to the property, the actual amount in controversy here is comprised primarily of holdover damages . . ."); accord Skyline Vista Equities, LLC v. Henderson, No. ED CV 11-1665 PA (AGRx), 2011 WL 5122616, at *2 (C.D. Cal. Oct. 25, 2011) (unpublished).  Here, the rental value sought by plaintiff is $50 per day from the date that the notice to quit expired, February 21, 2011, through the date of entry of judgment.  (Compl. ¶ 7.)  Even if judgment were entered in this case on May 31, 2012, the total number of holdover days would be 465, which at a rate of $50 per day would total $23,250 in holdover damages.  These damages still fall well short of the jurisdictional minimum.  But in any event, the Complaint expressly states that plaintiff demands less than $10,000.  In light of these facts, Ms. Llopis has not demonstrated that the amount in controversy meets the jurisdictional minimum.  Accordingly, the undersigned recommends that this action be remanded to the Superior Court.

IV.     <u>CONCLUSION</u>

        For the foregoing reasons, IT IS HEREBY ORDERED that the Order to Show Cause filed on January 26, 2012, is discharged.

        It is FURTHER RECOMMENDED that this action be remanded to the Superior Court of the State of California for the County of Solano, and that this case be closed.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  <u>Id.</u>; <u>see also</u> E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

        IT IS SO RECOMMENDED.

DATED:  April 25, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

9